UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONYA JOANNE SANFORD MAY, | Case No.: 3:22-cv-00272-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 19, 20 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | |
| Defendant | |

Before the court is Plaintiff's Motion for Reversal and/or Remand. (ECF No. 19.) The Acting Commissioner filed a Cross-Motion to Affirm and Opposition to Plaintiff's motion. (ECF Nos. 20, 21.) Plaintiff filed a reply brief. (ECF No. 24.)

After a thorough review, Plaintiff's motion is denied and the Acting Commissioner's cross-motion to affirm is granted.

**I. BACKGROUND**

On November 13, 2019, Plaintiff completed applications for disabled widow's benefits under Titles II and XVI of the Social Security Act. (Administrative Record (AR) 81, 270-280.) The applications were denied initially and on reconsideration. (AR 116-125, 135-142.)

Plaintiff requested a hearing before an administrative law judge (ALJ). (AR 145-1458.) ALJ Baum held a hearing on January 10, 2022. (AR 46-68.) Plaintiff, who was represented by counsel, appeared and testified on her own behalf at the hearing. Testimony was also taken from a vocational expert (VE). On January 25, 2022, the ALJ issued a decision finding Plaintiff not

disabled. (AR 12-26.) Plaintiff requested review, and the Appeals Council denied the request, making the ALJ's decision the final decision of the Commissioner. (AR 1-6.)

Plaintiff then commenced this action for judicial review under 42 U.S.C. § 405(g). Plaintiff argues the ALJ failed to state clear and convincing reasons for rejecting her symptom and limitation testimony.

## II. STANDARDS

### A. Five-Step Evaluation of Disability

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled if his or her physical or mental impairment(s) are so severe as to preclude the claimant from doing not only his or her previous work but also, any other work which exists in the national economy, considering his age, education and work experience. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. 20 C.F.R. §404.1520 and § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). In the first step, the Commissioner determines whether the claimant is engaged in "substantial gainful activity"; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 404.152(a)(4)(i), (b); § 416.920(a)(4)(i); *Yuckert*, 482 U.S. at 140. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to step two.

The second step requires the Commissioner to determine whether the claimant's impairment or combination of impairments are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c) and § 416.920(a)(4)(ii), (c); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly

limits the claimant's physical or mental ability to do basic work activities. *Id*. If the claimant has an impairment(s) that is severe, the Commissioner proceeds to step three.

In the third step, the Commissioner looks at a number of specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listed Impairments) and determines whether the claimant's impairment(s) meets or is the equivalent of one of the Listed Impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d) and § 416.920(a)(4)(iii), (d). The Commissioner presumes the Listed Impairments are severe enough to preclude any gainful activity, regardless of age, education or work experience. 20 C.F.R. § 404.1525(a), § 416.925(a). If the claimant's impairment meets or equals one of the Listed Impairments, and is of sufficient duration, the claimant is conclusively presumed disabled. 20 C.F.R. § 404.1520(a)(4)(iii), (d), § 416.920(a)(4)(iii), (d). If the claimant's impairment is severe, but does not meet or equal one of the Listed Impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv), (e), (f). Past relevant work is that which a claimant performed in the last 15 years, which lasted long enough for him or her to learn to do it, and was substantial gainful activity. 20 C.F.R. § 404.1565(a) and § 416.920(a).

In making this determination, the Commissioner assesses the claimant's residual functional capacity (RFC) and the physical and mental demands of the work previously performed. *See id.;* 20 C.F.R. § 404.1520(a)(4)(v), § 416.920(a)(4)(v); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545 and § 416.945. In determining the RFC, the Commissioner must assess all evidence, including the claimant's and others' descriptions of the limitation(s),

and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. § 404.1545(a)(3) and 416.945(a)(3).

A claimant can return to previous work if he or she can perform the work as he or she actually performed it, *i.e.*, if he or she can perform the "actual functional demands and job duties of a particular past relevant job," or as generally performed, *i.e.*, "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted). If the claimant can still do past relevant work, then he or she is not disabled. 20 C.F.R. § 404.1520(f) and § 416.920(f); *see also Berry*, 62 F.3d at 131.

If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e); *see also Yuckert*, 482 U.S. at 141-42, 144. This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 528 (9th Cir. 2014). The Commissioner must also consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a VE or by reference to the Grids[1]. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

---

[1] "[The grids are matrices of the four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (internal quotation marks and citation omitted).

If the Commissioner establishes at step five that the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566(b), § 416.966(b). Conversely, if the Commissioner determines the claimant is unable to adjust to any other work, the claimant will be found disabled. 20 C.F.R. § 404.1520(g), § 416.920(g); *see also Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

**B. Judicial Review & Substantial Evidence**

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Gutierrez*, 740 F.3d at 522 (citing 42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 523-24 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 524 (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The court "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). "'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez*, 740 F.3d at 524 (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)). That being said,

"a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). In addition, the court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## III. DISCUSSION

**A. ALJ's Findings in this Case**

At step one, the ALJ found Plaintiff is the unmarried widow of the deceased insured worker and has attained the age of 50, and she met the non-disability requirements for disabled widow's benefits for the prescribed period of January 1, 2020, to January 31, 2027. In addition, she had not engaged in substantial gainful activity since her protective filing date of November 13, 2019. (AR 17-18.)

At step two, the ALJ concluded Plaintiff had the following severe impairments: pulmonary arterial hypertension; obstructive sleep apnea; depression; anxiety; and dizziness and drowsiness due to prescription medication. (AR 18.)

At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments. (AR 18.)

At step four, the ALJ assessed Plaintiff as having the RFC to perform light work except she is limited to: lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; standing and/or walking with normal breaks for a total of about six hours in an eight-hour

workday; sitting with normal breaks for a total of about six hours in an eight-hour workday; frequently climbing ramps and stairs; never climbing ladders, ropes or scaffolds; frequently stooping, kneeling, crouching; occasionally crawling; avoiding concentrated exposure to temperature extremes or vibration; avoiding even moderate exposure to airborne irritants, hazardous machinery, or unprotected heights; and no more than occasional interaction with the public, customers, co-workers, or supervisors. (AR 20.)

The ALJ then concluded Plaintiff had no past relevant work. (AR 25.)

At step five, the ALJ determined that considering Plaintiff's age, education, work experience and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including: small parts assembler, office helper, and cashier-II. (AR 25-26.) As a result, the ALJ found Plaintiff not disabled from August 16, 2016, through the date of the decision. (AR 26.)

**B. Subjective Symptom and Limitation Testimony**

Evaluating a claimant's subjective symptom testimony "becomes important at the stage where the ALJ is assessing residual functional capacity, because the claimant's subjective statements may tell of greater limitations than can medical evidence alone." *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001) (citing Social Security Ruling (SSR) 96-7P).[2]

"Such testimony is inherently subjective and difficult to measure." *Coleman v. Saul,* 979 F.3d 751, 755-56 (9th Cir. 2020). This evaluation is often crucial to a finding of disability. *Id.* (citing *Fair v. Bowen,* 885 F.2d 597, 602 (9th Cir. 1989)).

---

[2] SSA previously referred to this as a credibility determination. SSR 96-7P. SSA subsequently eliminated use of the term "credibility." SSA has clarified that "subjective symptom evaluation is not an examination of an individual's character." Instead, the adjudicator considers all of the evidence in evaluating the intensity and persistence of a claimant's symptoms. SSR 16-3P.

There is a two-step test for evaluating a claimant's subjective symptom testimony:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is *not* required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.
>
> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.

*Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014) (internal quotation marks and citations omitted, emphasis original).

"[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quotation marks and citation omitted).

Here, the ALJ found there was evidence which could reasonably be expected to produce the pain and other alleged symptoms. Therefore, the court must determine whether the ALJ set forth sufficient reasons for rejecting or discounting Plaintiff's subjective symptom testimony.

The court finds the ALJ properly discounted Plaintiff's subjective symptom testimony by providing specific, clear and convincing reasons based on inconsistencies with her alleged symptoms, the medical records, and Plaintiff's daily activities.

The ALJ noted Plaintiff's statements that her pulmonary arterial hypertension, sleep apnea, and restless leg syndrome caused: constant fatigue and tiredness, dizziness and nausea from her impairments and medication, shortness of breath especially when walking one block or

more, lightheadedness, depression and anxiety; it has negatively affected her abilities to lift, squat, bend, walk, kneel, climb stairs, remember and complete tasks. (AR 21.)

The ALJ found that despite these allegations, in a function report, Plaintiff said she addresses her personal care needs with no problems, prepares meals, washes laundry, drives a vehicle, shops in stores, handles her finances, spends time with friends and family and is able to follow written instructions. The ALJ concluded these activities were inconsistent with Plaintiff's allegations of disabling symptoms and limitations. (AR 21.)

"Even if the claimant experiences some difficulty or pain, her daily activities may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Smartt*, 53 F.4th at 499 (quotation marks and citation omitted). Here, "[t]he ALJ made a reasonable determination based on specific, clear and convincing evidence that [Plaintiff's] daily activities were inconsistent with the alleged severity of her limitations." *Id*. The reported daily activities demonstrate that Plaintiff engaged in "somewhat normal level of daily activity and interaction[.]" *Id*. at 500 (citation and quotation marks omitted).

Next, the ALJ found Plaintiff's allegations were not fully consistent with the medical evidence of record, and the medical findings did not support the existence of limitations greater than the RFC. With respect to the medical findings, the ALJ concluded that they failed to provide strong support for Plaintiff's allegations of disabling symptoms and limitations and described her medical evidence, including both her physical and mental health records, in great detail.

The ALJ found the opinion of the psychological consultative examiner, Dr. Sheri J. Hixon-Brenenstall, persuasive, finding the record shows Plaintiff has experienced some depression and anxiety that limit her social functioning at times, but she has consistently had

normal mood and affect, normal behavior, insight, judgment and thought content and full orientation. The ALJ concluded these objective findings support that Plaintiff was capable of performing work with only occasional interaction with others. The ALJ found the reviewing state agency consultant's non-severe mental findings not persuasive.

The ALJ also determined that the physical reviewing consultant's findings persuasive and consistent with the medical record as a whole: "the record shows that the claimant has some shortness of breath and some cardiovascular issues at times, but overall she has been able to control her breathing and cardiovascular issues with medication despite the fact that she continues to smoke and is non-compliant with her CPAP machine." "The record shows that the claimant consistently has had normal cardiovascular and respiratory findings, that she has improved her shortness of breath with medication, and that she has normal neurological findings and normal range of motion throughout her musculoskeletal system."

"When objective medical evidence in the record is *inconsistent* with the claimant's subjective symptom testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. That is precisely what the ALJ did here. In discounting Plaintiff's testimony, "the ALJ identified specific, clear, and convincing reasons supporting a finding that [Plaintiff's] limitations were not as severe as [she] claimed." *Id*. at 499 (quotation marks and citation omitted).

In sum, the court finds the ALJ provided legally sufficient reasons for discounting Plaintiff's subjective symptom testimony.

### IV. CONCLUSION

Plaintiff's motion for reversal and/or remand (ECF No. 19) is **DENIED;**

The Acting Commissioner's cross-motion to affirm (ECF No. 20) is **GRANTED**; and

The Clerk shall enter **JUDGMENT** accordingly.

**IT IS HEREBY ORDERED.**

Dated: August 1, 2023

_____
Craig S. Denney
United States Magistrate Judge

11